[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 00-1704

UNITED STATES,

Appellee,

v.

MICHAEL CRUZ-REYES, A/K/A SEALED DEFENDANT 1,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

---

Before

Selya, Circuit Judge,
Campbell, Senior Circuit Judge,
and Boudin, Circuit Judge.

---

Edgar R. Vega Pabon on brief for appellant.
Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco, Assistant United States Attorney, and Camille Velez-Rive, Assistant United States Attorney, on brief for appellee.

---

July 5, 2000

---

**Per Curiam**.  After a thorough review of the record and of the submissions of the parties, we affirm the district court's decision to detain the defendant based on risk of flight.

The evidence proffered by the government showed that appellant Michael Cruz Reyes ("Cruz") possesses extensive financial resources, and Cruz lied to Pretrial Services about those resources.  In light of the extent of those resources and Cruz' dishonest statements, the amount of the bond suggested by Cruz seems woefully inadequate, especially where the real estate securing that bond does not belong to Cruz.  For a defendant allegedly involved in drug trafficking of this magnitude, forfeiture of bond may be "simply a cost of doing business." United States v. Jessup, 757 F.2d 378, 385 (1st Cir. 1985) (quoting S.Rep. No. 225, 98th Cong., 1st Sess. 23-24 (1983), reprinted in 1984 U.S.Code Cong. & Admin. News, pp. 26, 27).

We find no error in the lower court's decision to discount the evidence of Cruz' self-surrender in the instant matter, in light of the government's proffer indicating Cruz fled from an officer attempting to arrest him in a 1995

incident. Further, the lower court was entitled to reject Cruz' suggestion that he be placed on electronic monitoring; while increasing the likelihood that flight will be detected (and thereby deterring flight), electronic monitoring is not always effective. See United States v. O'Brien, 895 F.2d 810, 815-16 (1st Cir. 1990) (recognizing that while electronic monitoring acts as a deterrent against flight, defendants do escape while being monitored and are never found). We see no error in the lower court's conclusion that in light of all the factors in § 3142(g), electronic monitoring would be insufficient here, especially considering the financial resources of the defendant, the inadequate bond offered, and Cruz' prior false statements.

Finally, while the witnesses who make up the bulk of the government's case against Cruz are cooperating witnesses, and therefore are more vulnerable to impeachment attempts, we find no error in the lower court's reliance on that evidence, see 18 U.S.C. § 3142(g)(2), especially since more than one witness apparently identifies Cruz as a significant actor in the charged conspiracy.

Affirmed. 1st Cir. Loc. R. 27(c).